<head>

<title>USCA1 Opinion</title>

<style type="text/css" media="screen, projection, print">

<!--

@import url(/css/dflt_styles.css);

-->

</style>

</head>

<body>

                United States Court of Appeals
                    For the First Circuit

No. 98-1961

                 HILDA ORTIZ-FELICIANO, ET AL.,

                    Plaintiffs, Appellants,

                               v.

                PEDRO A. TOLEDO-DAVILA, ET AL.,

                     Defendants, Appellees.

          APPEAL FROM THE UNITED STATES DISTRICT COURT

                FOR THE DISTRICT OF PUERTO RICO

       [Hon. Juan M. Perez-Gimenez, U.S. District Judge]

                             Before

                    Boudin, Circuit Judge,
                                
                Bownes, Senior Circuit Judge,
                                
                  and Lynch, Circuit Judge.
                                
                                

    Santiago Mari Roca on brief for appellants.
    Osvaldo H. Puig-Hernandez and Smith & Nevares on brief for
defendant, appellee Jos A. Fuentes-Agostini.

April 16, 1999

                                
                                

 BOUDIN, Circuit Judge.  In December 1994, the plaintiffs,
all residents of Lajas, Puerto Rico, filed this civil action in the  
district court asserting claims under 42 U.S.C.  1983.  Two of the
plaintiffs are sisters and the gist of the complaint was that they
had been wrongfully arrested at the apartment of one of the two;
the co-plaintiffs were the husband of one of the sisters and the
children of the other.  The defendants were all individual police
officers who participated in the arrests or were allegedly
responsible for supervision of the officers directly involved.
 Although Puerto Rico itself was not named as a defendant,
its Secretary of Justice provided legal counsel for the defendants,
as permitted by Puerto Rico law.  See P.R. Laws Ann. tit. 32,  
3085-87.  Following a trial in 1996, the jury found six of the
seven defendants liable for violating the civil rights of the
plaintiffs,  and awarded compensatory damages to each plaintiff
(the range was $1,000 to $14,000).  The jury also awarded punitive
damages to each plaintiff ($1,000 to one and $2,000 to the other
four), finding that the defendants' conduct was shocking and
offensive to the conscience.
 The judgment awarding $43,000 was entered in August 1996.  
In January 1997, the district judge added $27,000 in attorney's
fees.  In March 1997, the Secretary of Justice notified the six
defendants held liable by the jury that they would not be
indemnified by Puerto Rico for the judgment against them.   Puerto
Rico law permits the Secretary to indemnify for judgments but
specifically excludes cases "when inexcusable neglect intervenes."  
P.R. Laws Ann. tit. 32,  3088(c). The Secretary said that the
jury's determination showed lack of good faith and inexcusable
negligence on the part of the defendants.
 An administrative proceeding then ensued, apparently
brought by the defendants to contest this ruling.  After a hearing,
the Secretary again concluded that the defendants were not entitled
to indemnification under the statute and applicable regulations.  
Although it appears that the Secretary's ruling is subject to
review in the local courts, there is no indication as to whether
the defendants sought review.  What is clear is that they did not
pay the judgment in the present case.
 Although Puerto Rico was not a party to the section 1983
action, the plaintiffs nevertheless filed a motion in this case in
February 1998, requesting the district court to order the Secretary
of Justice to satisfy the judgment against the individual
defendants.  The plaintiffs' theory was that the Secretary was
obliged to indemnify the defendants and that plaintiffs were
entitled to the benefit of these payments.  As authority for the
district court to address the issue, plaintiffs relied upon the All
Writs Act, 28 U.S.C.  1651.
   The Secretary objected to the motion, asserting that
the Eleventh Amendment barred an award of damages against Puerto
Rico when it had not consented to be sued.  In an opinion and order
entered in June 1998, the district court denied the plaintiffs'
motion and dismissed the supplementary proceeding against the
Secretary.  The court ruled that the motion was in effect one
seeking the payment of funds by the Commonwealth, that the Eleventh
Amendment barred such an action in federal court absent waiver, and
that none of the events relied on by the plaintiffs constituted
such a waiver.
 The plaintiffs now appeal and we affirm.  Nothing
plaintiffs have said counters the district court's conclusion that
the motion in substance seeks a money judgment against the
Commonwealth.  This circuit has already decided that the
Commonwealth is protected by the Eleventh Amendment to the same
extent as any state, and the panel is governed by that ruling.  SeeMetcalf & Eddy, Inc. v. Puerto Rico Aqueduct and Sewer Auth., 991
F.2d 935, 939 n.3 (1st Cir. 1993).  Thus, the only question worth
discussing is whether there has been a waiver of Eleventh Amendment
immunity.
 The indemnification provisions of Puerto Rico law
certainly do not comprise such a waiver.  Puerto Rico law permits  
an official, charged in a civil rights action relating to official
duties, to "request" legal representation by the Commonwealth and
it permits the Commonwealth "subsequently" to assume payment of any
judgment.  P.R. Laws Ann. tit. 32,  3085.  It also provides that
the Secretary shall decide in which cases the Commonwealth shall
assume representation and "subsequently, after considering the
findings of the court or which arise from the evidence presented,"
whether it is "in order" to pay the judgment.  Id.  3087.
 Only limited standards are provided for granting or
refusing indemnification, but they go to the merits of the
Secretary's decision, which we do not reach.  However, the
Eleventh Amendment issue is addressed directly by the section, P.R.
Laws Ann. tit. 32,  3085, which permits the request for
indemnification in civil rights actions; it says that its
provisions "shall not be construed . . .as a waiver of the
sovereign immunity of the Commonwealth."  Id.  The only remedy
provided for reviewing the refusal of the Secretary to order
indemnification is by "petition for review" before "the Superior
Court" limited solely to questions of law.  Id.  3087.
    There is thus no express waiver of the Eleventh Amendment
ban against suit in federal court.  See In re Secretary of Dep't of
Crime Control, 7 F.3d 1140, 1144-48 (4th Cir. 1993) (similar
statute).  As for implied waiver, it arises only "by such
overwhelming implication . . . as [will] leave no room for any
other reasonable construction."  Atascadero State Hosp. v. Scanlon,
473 U.S. 234, 239-40 (1985) (quoting Edelman v. Jordan, 415 U.S.
651, 673 (1974)) (brackets in original).  Consent to suit or review
in the Commonwealth's own courts is not enough.  See Great N. Life
Ins. Co. v. Read, 322 U.S. 47, 54 (1944).  Indeed, even a state's
"general waiver" of sovereign immunity does not remove the bar of
the Eleventh Amendment.  Atascadero, 473 U.S. at 241. In such
cases, a claim may exist but it would not be enforceable in federal
court.
    In this case, the acts said to constitute an implied
waiver fall pitifully short.  Plaintiffs say that the Secretary
provided counsel for the defendants in the jury trial, but the
Commonwealth entered no appearance of its own and providing legal
aid to another is not a consent to be sued.  Similarly, it does
not matter whether the Secretary erred in refusing to indemnify the
defendants; even if the Secretary agreed to indemnify them, the
Eleventh Amendment would still bar a claim by the plaintiffs
against the Commonwealth in federal court.
    The plaintiffs urge that the Secretary was required to
decide within 30 days of the jury verdict whether to indemnify the
defendants, see Regulation 4071, Articulo X(c) (September 8, 1989),
and failed to act within that period.  It is not clear that under
Puerto Rico law this error, if it occurred, creates an obligation
to indemnify that would not otherwise exist.  But in any case the
remedy would be a review action by the defendants in the Superior
Court.  See P.R. Laws Ann. tit. 32,  3087.  Nothing in the alleged
delay implies, let alone clearly states, that Puerto Rico consents
to be sued in federal court.
    In their brief in this court, the plaintiffs have re-
framed their objection to the delay as if the delay were an
independent violation of the Constitution.  The argument was
seemingly not made in the district court and is therefore waived.  
See Equine Technologies, Inc. v. Equitechnology, Inc., 68 F.3d 542,
546 (1st Cir. 1995).  In any case, there is nothing to support the
claim that the delay violated the Constitution, see Coniston Corp.v. Village of Hoffman Estates, 844 F.2d 461, 467 (7th Cir. 1988) (a
violation of state law is not, without more, a denial of due
process of law), and, if any claim existed, it would belong to the
defendants and not to the plaintiffs.   
    Affirmed.

</body>

</html>